(Decided 7th March, 1877.)

EMILY J. GOLDSMITH *vs.* ELIZABETH A. KILBOURN, Executrix of E. G. KILBOURN.

*The Courts of Baltimore City separate and distinct bodies— Mode of proving proceedings, judgments, &c., of one of said Courts in any other Court—Statute of Limitations.*

Under the Constitution, Art. 4, secs. 26 to 37, relating to the Courts of Baltimore City, the several Courts therein provided for, that is to say, the Superior Court, Court of Common Pleas, City Court, Circuit Court and Criminal Court, are distinct and separate bodies, neither having any authority or control over the clerks, the dockets or records of the others.

The proper mode of proving the proceedings and judgments of one of these Courts in any other Court, is by the production of a transcript thereof under seal duly certified.

The original dockets, or a mere copy of the docket entries, or the original papers, are not proper or admissible evidence for that purpose.

For the like reason the evidence of the deputy clerk of one of said Courts as to the loss of the papers in a case in said Court, is inadmissible in any other Court.

In an action by G. against K. as executrix of her husband, the plaintiff, for the purpose of taking his case out of the operation of the Statute of Limitations, offered in evidence a letter addressed to the plaintiff's attorney by the attorney for the defendant, in these words: "About claim against Mrs. K. please inform me what it is. The executrix will pay it if just." HELD:

That said letter was inadmissible for that purpose.

APPEAL from the Baltimore City Court.

The case is stated in the opinion of the Court.

*First Exception.*—*John Young,* a competent witness, testified: I was a clerk in the office of the Clerk of the Court of Common Pleas, at the time the suits were brought by Sibrey against Jacob Green and John Street, and am a clerk there now. Witness produced in Court the docket entries in both cases, and all other the original papers in the case of *Edward Sibrey vs. Jacob Green.*

. The plaintiff then offered in evidence the said docket entries and original papers in the said case of *Sibrey vs. Green.* To the admissibility of which original docket entries and original papers the defendant objected, but the Court, (BROWN, J.,) overruled the objection, and permitted the same to be read in evidence to the jury.

The witness, John Young, further testified, that he knows the handwriting of all the parties, and that he recognized the handwriting of all the parties, and that witness had been a deputy clerk in the office of the Clerk of the Court of Common Pleas ever since 1854.

The plaintiff then offered in evidence, the docket of the Court of Common Pleas, containing the docket entries in the case of *Edward Sibrey vs. John Street,* which docket was brought into Court by the witness, John Young, and identified by said witness as one of the original dockets of said Court of Common Pleas. To the admissibility of which the defendant objected, but the Court overruled the objection, and permitted the same to be read in evidence.

The Court here ruled out and excluded from the jury, as evidence, the hereinbefore mentioned dockets of the Court of Common Pleas, and the said original entries in the cases of *Sibrey vs. Green,* and *Sibrey vs. Street,* and the original papers in the said case of *Sibrey vs. Green.* The plaintiff excepted.

*Second Exception.*—*James Y. Claypole,* a competent witness, testified: I am a deputy writ clerk in the office of

the Clerk of the Court of Common Pleas; I examined in the office of the Clerk of the Court of Common Pleas, for the papers in the case of *Edward Sibrey vs. John Street*, but did not find them.

To the admissibility of which testimony, the defendant objected, and the Court refused to allow the said evidence to go to the jury. The plaintiff excepted.

*Third Exception.*—The plaintiff then offered in evidence the following letter from E. O. Hinkley to R. J. Bouldin, the handwriting being admitted by the defendant:

### *Letter.*

E. O. Hinkley, abt. claim against Mrs. Kilbourn, please inform me what it is. The executrix will pay it if just.

(23d Oct., '73.)                    Yours.—E. O. H.

The defendant objected, and the Court refused to allow it to be read. The plaintiff excepted.

*Fourth Exception.*—The plaintiff offered in evidence, and to read to the jury, a certified copy, under the seal of the Court of Common Pleas, of the docket entries and judgments in the case before mentioned of *Edward Sibrey vs. Jacob Green.*

The defendant objected, and the Court refused to allow it to be read to the jury. The plaintiff excepted.

*Fifth Exception.*—The plaintiff offered to read to the jury, a certified copy under the seal of the Court of Common Pleas, of the docket entries and judgment in the before mentioned case of *Edward Sibrey vs. John Street.*

The defendant objected, and the Court refused to allow it to be read to the jury. The plaintiff excepted.

The cause was argued before BARTOL, C. J., GRASON, MILLER and ROBINSON, J.

*R. J. Bouldin,* for the appellant.

*Edward Otis Hinkley*, for the appellee.

BARTOL, C. J., delivered the opinion of the Court.

This suit was instituted by the appellant, as assignee of Edward A. Sibrey. It was begun in the Circuit Court for Anne Arundel County on the 27th day of August 1873, removed thence to Baltimore City Court, where the verdict and judgment were against the appellant. The declaration contains the common money counts, and alleges assignment by Sibrey to the plaintiff. The defendant pleaded the general issue pleas, and limitations; the bill of particulars showed items in April 1863, in 1864, February 1867, and June 1868, all more than three years before suit brought. *Five* bills of exception were reserved by the plaintiff to the rulings by the Court below upon questions of evidence. The *first, fourth* and *fifth* present the same question, and may be considered together.

Under the Constitution, Art. 4, sec. 27 to 37 relating to the Courts in Baltimore City, the several Courts therein provided for, that is to say the Superior Court, Court of Common Pleas, City Court, Circuit Court, and Criminal Court are distinct and separate bodies, neither having any authority or control over the clerks, the dockets or records of the others. The proper mode of proving the proceedings and judgments of one of these Courts, in any other Court is by the production of a transcript thereof under seal duly certified. The original dockets, or a mere copy of the docket entries, or the original papers are not proper or admissible evidence for that purpose. This was decided in *Jones vs. Jones*, 45 *Md.*, 144. It was there said "that in order to prove the existence of a record which does not belong to the same Court, the proof must be by transcript under seal, and not by the original papers. 2 *Taylor Ev.*, sec. 1380." This rule was there held to apply to the Circuit Court and Superior Court of Baltimore City. For these reasons we affirm the ruling

of the Court below on these exceptions. For the like reason, the evidence of the deputy clerk of the Court of Common Pleas, stated in the *second* bill of exceptions, was inadmissible, and properly excluded.

The only remaining question presented by this appeal arises upon the *third* bill of exceptions, taken to the exclusion of Mr. Hinkley's letter, which was offered for the purpose of taking the case out of the operation of the Statute of Limitations. It was addressed to Mr. Bouldin the plaintiff's attorney, and is in these words "About claim against Mrs. Kilbourn, please inform me what it is. The executrix will pay it if just," and is dated 23 Oct. '73.

This letter cannot be construed as an admission of the debt for which the suit was brought, or a promise to pay it; the letter shows that Mr. Hinkley did not know what the claim was, and it shows also that Mrs. Kilbourn, the executrix, did not know what the claim was or that it was just. No case has gone so far as to admit evidence so vague and indefinite for the purpose of removing the bar of the Statute. We think it was properly excluded.

Finding no error in the rulings of the City Court upon the appellant's exceptions, the judgment will be affirmed.

*Judgment affirmed.*

(Decided 7th March, 1877.)